IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BERNARD DIGGS<br>136 Stuyvesant Avenue<br>Brooklyn, NY 11221<br><br>       Plaintiff,<br><br>  v.<br><br>PILKU CONSTRUCTION<br>SERVICES, INC.<br>150 Mill Street<br>Brooklyn, NY 11231<br><br>       Defendant. | **CIVIL ACTION**<br><br>No.:_____<br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Bernard Diggs ("Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.　　Plaintiff brings this action against Defendant, Pilku Construction Services, Inc. ("Defendant"), for violations of the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§2601 *et. seq.*); age discrimination in violation of: the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"); the New York Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("HRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code § 8–101 *et seq.* ("NYCHRL"); disability discrimination in violation of the HRL and the NYCHRL; and breach of contract. Plaintiff seeks all available damages, including, but not limited to, economic loss, compensatory, liquidated and punitive damages, as well as all other relief deemed appropriate under applicable law.

## PARTIES

2.    Plaintiff is an adult individual who resides at the above-captioned address.

3.    Plaintiff is a citizen of the State of New York and is domiciled in Brooklyn, New York.

4.    Defendant is a New York corporation with its principal place of business located in Brooklyn, New York.

5.    Defendant performs scaffolding services within the State of New York and New York City.

6.    At all times material hereto, Plaintiff was an "employee" of Defendant as defined by and within the meaning of the statutes that form the bases of this action.

7.    At all times material hereto, Plaintiff worked in Kings County in the City of New York.

8.    At all times material hereto, Defendant had more than twenty (20) employees.

9.    At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment or agency and in furtherance of its business.

## JURISDICTION AND VENUE

10.    Plaintiff incorporates the paragraphs above as if set forth herein in their entirety.

11.    The causes of action that form the legal bases of this action arise under the FMLA; ADEA, the NYHRL, the NYCHRL and common law.

12.    This Court, in accordance with 28 U.S.C. § 1331 and § 1343(a)(4), has original jurisdiction over Plaintiff's FMLA and ADEA claims because those claims arise under laws of the United States and seeks redress for violations of federal laws.

2

13.     The Court, in accordance with 28 U.S.C. § 1367, has supplemental jurisdiction over Plaintiff's state and city law claims because they and Plaintiff's federal law claims arise from a common nucleus of operative fact.

14.     This Court may properly maintain personal jurisdiction over Defendant, because Defendant is a citizen of the State of New York and because Defendant's contacts with this State and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

15.     Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and, in addition, Defendant is deemed to reside where it is subject to personal jurisdiction, making Defendant a resident of the Eastern District of New York.

16.     Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") with respect to his age discrimination claims. Plaintiff has properly exhausted his administrative remedies before initiating this action by timely filing a charge of discrimination with the EEOC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

17.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## FACTUAL BACKGROUND

18.     Plaintiff incorporates the paragraphs above as if set forth herein in their entirety.

19.     Plaintiff is a male with a date of birth in 1963.

3

20.     In or about 2008, Plaintiff was initially hired by Defendant.

21.     In or about November of 2015, Plaintiff signed a 10-year employment contract to work as a site inspector at Defendant.

22.     During Plaintiff's employment at Defendant, Plaintiff was a hardworking, dedicated employee who performed his job duties in a highly effective manner and lacked a history of performance discipline.

23.     On or about February 8, 2017, Plaintiff suffered a workplace injury while working for Defendant.

24.     As a result of that incident, Plaintiff suffered a severe injury to his wrist. As such, Plaintiff suffered from a qualifying health condition under the HRL/NYCHRL, which (at times) affected his ability to perform some daily life activities, including working, lifting, manual functions and other activities as enumerated in the HRL/NYCHRL.

25.     Plaintiff was also hospitalized as a result of his aforesaid injuries/medical conditions. Plaintiff was unable to work for approximately one month and therefore, requested a brief medical leave of absence, a reasonable accommodation under the HRL/NYCHRL.

26.     In addition, the period of time Plaintiff needed off from work qualified for protection under the Family and Medical Leave Act ("FMLA").

27.     However, Defendant completely failed to follow any FMLA regulations by providing Plaintiff with individualized notifications of his FMLA eligibility, rights, designations, or entitlements to reduced schedule, block or intermittent medical leave.[1]

---

[1] The FMLA requires employers to provide both general as well as individualized *written* notice to employees of their FMLA rights. *See* 29 U.S.C. § 2619; *see also Reyes v. Phoenix Beverages, Inc.,* 2016 WL 4991530, at *12, fn. 25 (E.D.N.Y. 2016) ("Defendant does not appear to have even provided the requisite written notice designating Plaintiff's leave as FMLA-qualifying, as required under the FMLA. *See* 29 C.F.R. § 825.300(d)(1), (4) ("The employer is responsible in all circumstances for designating leave as FMLA-qualifying, and for giving notice of the designation to the employee ... within five business days" of "ha[ving] enough information to determine whether the leave is being taken for a FMLA-qualifying reason," and the notice "must be in writing"). This failure to provide the

28.     Following Plaintiff's workplace injury and request for an accommodation/FMLA qualifying leave, Defendant's vice president/acing chief executive Valon "Wally" Pilku ("Pilku") (mid-20s), informed Plaintiff that Defendant had hired younger individuals to perform Plaintiff's former job duties.

29.     When Plaintiff was cleared to return to work, he made multiple attempts to contact Defendant's management to inquire about the status of his employment and stated that he would like to return to work as soon as possible, however, Plaintiff received no response.

30.     Defendant never contacted Plaintiff in response to his attempts to inquire into the status of his employment. Accordingly, Plaintiff was terminated as of February of 2017.

31.     Plaintiff was subsequently informed by Defendant's secretary that Defendant alleged that Plaintiff quit his job. This is entirely false and pretextual, as Plaintiff never quit and in fact made multiple inquiries regarding the status of his employment in an attempt to return to work.

---

requisite notice to Plaintiff that his leave after his November 26, 2012 accident was FMLA-qualifying, in itself, "may constitute an interference with, restraint, or denial of the exercise of [Plaintiff's] FMLA rights." *Id.* § 825.300(e)."); *De Oliveira v. Cairo-Durham Central School Dist.,* 634 Fed.Appx. 320, 322 (2d Cir. 2016) (holding that the defendant violated the notice requirements of 29 C.F.R. § 825.300(c)(1)(vi) in failing to notify the plaintiff in writing concerning their FMLA policy); *Santiago v. New York City Police Dept.,* 2007 WL 4382752, at *14 (S.D.N.Y. 2007) ("[T]he statute [the FMLA] ... requires that the employer provide posted notices to employees of the pertinent provisions of the law and information about the filing of charges. 29 U.S.C. § 2619; *see* 29 C.F.R. § 825.300."); *Allen v. Verizon Wireless,* 2015 WL 3868672, at *11, fn. 8 (D.Conn.,2015), *citing* 29 C.F.R. § 825.300(c)(1) ("Employers shall provide written notice detailing the specific expectations and obligations of the employee and explaining any consequences of a failure to meet these obligations ... Such specific notice must include, as appropriate ... (ii) any requirements for the employee to furnish certification of a serious health condition ... and the consequences of failing to do so."); 29 C.F.R. § 825.305(a) ("An employer must give notice of a requirement for certification each time a certification is required; such notice must be written notice whenever required by § 825.300(c).").

32.    Following Plaintiff's termination in February of 2017, Defendant assigned all of Plaintiff's former site inspector job duties to employees who were substantially younger than Plaintiff and upon information and belief, less experienced.

33.    Plaintiff believes and therefore avers that he was unlawfully terminated because of his age; his actual and/or perceived disabilities and/or his requests for accommodations/FMLA qualifying leave.

34.    As a direct and proximate result of the discriminatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

## Count I
## Violations of the Age Discrimination in Employment Act ("ADEA")
### (Age Discrimination)

35.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36.    Plaintiff believes and avers herein that his age was a determinative factor in his termination.

37.    Plaintiff was also subjected to harassment during his period of employment due to his age through disparate treatment and demeaning and/or age discriminatorily motivated treatment towards him.

38.    These actions as aforesaid constitute unlawful discrimination under the ADEA.

**Count II**
**New York State Human Rights Law ("HRL")**
**(Age Discrimination)**

39.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40.    Plaintiff re-asserts and re-alleges each and every allegation as set forth in Count I, *supra,* as such actions constitute identical violations of the HRL.

41.    These actions as aforesaid constitute unlawful age discrimination under the HRL.

**Count III**
**New York City Human Rights Law ("NYCHRL")**
**(Age Discrimination)**

42.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

43.    Plaintiff also re-asserts and re-alleges each and every allegation as set forth in Counts I and II, *supra,* as such actions constitute identical violations of the NYCHRL.

44.    These actions as aforesaid constitute unlawful age discrimination under the NYCHRL.

**Count IV**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Interference & Retaliation)**

45.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

46.    At the time of his February 2017 hospitalization, Plaintiff was at all times an eligible employee under the FMLA for such coverage, as he: (a) worked for more than one (1) year; (b) worked for an employer with at least 50 employees; and (c) worked at least 1,250 hours at any given time in the preceding year from FMLA needs being expressed.

47.     Plaintiff was entitled to receive leave, pursuant to 29 U.S.C.A. § 2612(a)(1) due to his own serious health conditions.

48.     Plaintiff suffered clear FMLA violations including but not limited to: (1) being subjected to hostility and demotion for attempting to exercise his FMLA rights; (2) being dissuaded from using his FMLA entitlements; (3) not getting any proper or mandated regulatory notices in a timely manner from Defendant regarding his FMLA entitlements, rights, designations and other requisite information; and (4) being terminated in consideration of his FMLA usage and to avoid his FMLA usage.

49.     These actions as aforesaid constitute interference and retaliation violations of the FMLA.

## Count V
## New York State Human Rights Law ("HRL")
### (Disability Discrimination & Retaliation)

50.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

51.     During Plaintiff's employment, Plaintiff suffered from serious health conditions, including but not limited to disabilities related to his wrist.

52.     During Plaintiff's employment, Plaintiff kept Defendant's management apprised of his serious health conditions.

53.     Plaintiff required a very reasonable accommodation, an approximate month off from work.

54.     Plaintiff was unlawfully discriminated against by being demoted and terminated due to his: (a) known disabilities; (b) perceived health problems; and/or (c) his record of impairment.

8

55.     Plaintiff was also unlawfully demoted and terminated from Defendant in retaliation for requesting reasonable accommodations such as intermittent time off from work for health reasons.

56.     These actions as aforesaid constitute disability discrimination and retaliation in violation of the HRL.

## Count VI
## New York City Human Rights Law ("NYCHRL")
### (Disability Discrimination & Retaliation)

57.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

58.     Plaintiff re-asserts and re-alleges each and every allegation as set forth in Count V, *supra,* as such actions constitute identical violations of the NYCHRL.

59.     These actions as aforesaid constitute disability discrimination and retaliation in violation of the NYCHRL.

## Count VII
## Breach of Contract

60.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

61.     In or about November of 2015, Plaintiff entered into an employment agreement with Defendant for a term of ten (10) years.

62.     Plaintiff provided consideration in the form of work performed for Defendant.

63.     In or about February of 2017, Defendant terminated Plaintiff's contract for no justifiable or legitimate reason.

64.   Thereafter, Plaintiff made multiple attempts to contact Defendant's management to inquire about the status of his employment and stated that he would like to return to work as soon as possible, however, Plaintiff received no response.

65.   Had Defendant not breached Plaintiff's employment contract, Plaintiff would have received payment from February of 2017 through on or about November of 2025.

66.   To date, Defendant has not paid Plaintiff the money that he would have received had it not been for Defendant's breach of the parties' contract.

67.   Defendant failed to properly compensate Plaintiff on a going-forward basis in accordance with his employment agreement, and Plaintiff has and will continue to sustain financial losses as aforesaid.

### Count VIII
### Violations of NY Labor Law §§ 193, 198 and 663
### (Unpaid Wages)

68.   The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

69.   Plaintiff was not properly paid all wages owed to him.

70.   Plaintiff is entitled to recover for unpaid wages owed to him, and Defendant's actions as aforesaid constitute violations of law as set forth in this Complaint.

### RELIEF

WHEREFORE, Plaintiff, Bernard Diggs, seeks damages and legal and equitable relief in connection with Defendant's unlawful conduct, and specifically prays that the Court grant the following relief:

(a)   Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for

Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

(b)       Plaintiff is to be awarded liquidated and punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

(c)       Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress / pain and suffering);

(d)       Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal, state, and local law.

(e)       Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

(f)       Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

*/s/ Adam C. Lease*
Adam C. Lease, Esquire
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801
*Attorneys for Plaintiff*

Dated: October 12, 2017